UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Randal Gale Soppeland,

             Plaintiff,

   vs.                                REPORT AND RECOMMENDATION

Jo Anne B. Barnhart,
Commissioner of Social
Security,

             Defendant.         Civ. No. 04-4264 (DSD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Petition for an award of attorney's fees under the provisions of the Equal Access to Justice Act ("EAJA"). See, Title 28 U.S.C. §2412. For these purposes, the Plaintiff has appeared by Wayne G. Nelson, Esq., and the Commissioner has appeared by Lonnie F. Bryan, Assistant United States Attorney. For reasons which follow, we recommend an award of attorney's fees, under the EAJA, in the amount of $5,874.50.

## II. Factual and Procedural History

The Plaintiff applied for DIB on September 14, 2001, at which time, he alleged that he had become disabled on November 30, 1997. His application was denied initially, and the Plaintiff exhausted all available administrative remedies, prior to having an Administrative Hearing on June 3, 2003. In a decision dated February 21, 2004, an Administrative Law Judge ("ALJ") found that the Plaintiff was not disabled because, despite his impairments, he could perform a significant number of jobs in the relevant economy. The Appeals Council declined to review the ALJ's determination further, and the ALJ's decision became the final decision of the Commissioner. See, Grissom v. Barnhart, 416 F.3d 834, 836 (8th Cir. 2005); Steahr v. Apfel, 151 F.3d 1124, 1125 (8th Cir. 1998); Johnson v. Chater, 108 F.3d 942, 943-44 (8th Cir. 1997); 20 C.F.R. §416.1481.

Thereafter, this action was commenced in order to seek a judicial review of the Commissioner's final decision. After cross-Motions for Summary Judgment were filed, we issued a Report and Recommendation on February 17, 2006, which recommended that the decision of the Commissioner be reversed, and that the matter be remanded to the Commissioner for further administrative action. By Order dated March 8, 2006, the District Court adopted our Recommendation, and Judgment was

entered on March 9, 2006. See, Shalala v. Schaefer, 509 U.S. 202 (1993). The reversal and remand were predicated on our determination that the ALJ had failed to accord proper weight to the opinions of the Plaintiff's treating medical sources.

On April 7, 2006, the Plaintiff timely filed his Petition for an award of attorney's fees.[1] In his Application, the Plaintiff seeks attorneys' fees in the amount of

---

[1] Title 28 U.S.C. §2412(d)(1)(B) provides, in pertinent part, as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive award under this sub-section * * *.

An Equal Access to Justice Act ("EAJA") application may be filed "until 30 days after a judgment becomes 'not appealable' -- i.e., 30 days after the time for appeal has ended." Shalala v. Schaefer, supra at 302, citing Title 28 U.S.C. §2412(d)(2)(G). Therefore, the EAJA's 30-day time limit runs from the end of the 60-day period for appeal, not from the beginning. Id.; see also, Rule 4(a), Federal Rules of Appellate Procedure.

There is no question as to the timeliness of the Application, since the Plaintiff's filing occurred well within the applicable period. Title 28 U.S.C. §2412(d)(1)(B). Moreover, the application adequately documented the Plaintiff's financial eligibility for an EAJA award. To be eligible, the prevailing party must have a net worth, at the time of the filing of the action, of less than $2,000,000.00 Title 28 U.S.C. §2412(d) (2)(B). Such a showing of financial eligibility is a jurisdictional prerequisite for an EAJA award. See, United States v. Hopkins Dodge Sales, Inc., 707 F. Supp. 1078 (D. Minn. 1989). The Plaintiff's representations, in his Application to Proceed without

(continued...)

$5,254.50, for 33.9 hours of work, at $155.00 per hour. The work related to counsel's representation of the Plaintiff in this Court. The Plaintiff's attorney subsequently filed a supplemental request with the Court, for fees in the amount of $620.00, for 4 hours of work, at $155.00 per hour, for the time spent in replying to the Defendant's Response to Plaintiff's Motion for Attorney's Fees. <u>Plaintiff's Reply to Defendant's Response to EAJA Petition for Attorney's Fees</u>, Docket No. 45, at p. 4.

### III. <u>Discussion</u>

A. <u>Standard of Review</u>. The EAJA empowers a Court to award attorney's fees to a party who has prevailed in proceedings that involve a judicial review of a decision of a Federal Agency, unless the Court finds that the position of the Agency was "substantially justified," or that special circumstances would make an award unjust. See, <u>Title 28 U.S.C. §2412(d)(1)(A)</u>. The EAJA is a fee-shifting statute applicable to Social Security cases, see, <u>Stockton v. Shalala</u>, 36 F.3d 49, 50 (8th Cir.

---

(...continued)
Prepayment of Fees, demonstrate that his net worth is minimal. See, <u>Docket No. 2</u>.

Moreover, the Plaintiff sought and obtained a reversal and remand pursuant to Sentence Four of Title 42 U.S.C. §405(g), thereby qualifying as a "prevailing party." <u>Shalala v. Schaefer</u>, supra at 2631; <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991); <u>Mills v. Sullivan</u>, 782 F. Supp. 1347, 1348-49 (W.D. Mo. 1992).

1994), and constitutes a limited waiver of sovereign immunity which must be narrowly construed in favor of the Federal Government.  Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 887 (8th Cir. 1995), citing Ardestani v. Immigration and Naturalization Serv., 502 U.S. 129, 135-37 (1991).

"Substantial justification" is determined on the basis of the Record in the civil action for which the fees are being sought, Title 28 U.S.C. §2412(d)(1)(B), and includes the agency action, or failure to act, upon which the civil action was based. Title 28 U.S.C. §2412(d)(2)(D); see also, Foley Construction Co. v. United States Army Corps of Engineers, 716 F.2d 1202, 1204 (8th Cir. 1983).  The substantial justification standard is not the legal equivalent of the substantial evidence test, which is applicable in a judicial review of the Commissioner's final decision.  A "substantially justified" position is one that is "clearly reasonable, well-founded in law and fact, and solid, even if it is not necessarily correct."  Friends of Boundary Waters Wilderness v. Thomas, supra at 885, quoting SEC v. Kluesner, 834 F.2d 1438, 1440 (8th Cir. 1987); see also, Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir. 1999)("The Government proves its position was substantially justified by showing the position was '"justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person.'");  SEC v. Zahareas, 374 F.3d 624, 626 (8th Cir. 2004)(same).

In contrast, substantial evidence is a more quantitative measure. It is evidence, in the Record as a whole, which a reasonable mind would accept as adequate to support a conclusion. See, <u>Ostronski v. Chater</u>, 94 F.3d 413, 416 (8th Cir. 1996). These differing evidentiary standards make it possible for the Commissioner to lose on the merits of the disability issue, and yet win on the application for an EAJA award. See, <u>Welter v. Sullivan</u>, 941 F.2d 674, 676 (8th Cir. 1991). Ultimately, the Commissioner bears the burden of proving that his position was substantially justified. <u>Harmon v. United States Through Farmers Home Admin.</u>, 101 F.3d 574, 586 (8th Cir. 1996); <u>Wheat v. Heckler</u>, 763 F.2d 1025, 1028-29 (8th Cir. 1985).

 B. <u>Legal Analysis</u>.

  1. <u>Substantial Justification</u>. After an independent review of the Commissioner's position, we conclude that she has not sustained her burden of demonstrating that her position, which was rejected by the District Court, was substantially justified. Upon our careful review of the Commissioner's final decision to deny the Plaintiff benefits, we extensively detailed the errors of law, which were committed by the ALJ, and we recommended that the matter be remanded for further administrative proceedings. While not dispositive of the issue, we note that the Commissioner did not file objections to our Report and Recommendation, see,

Docket No. 34, and that, following a <u>de novo</u> review, the District Court affirmed the Report and Recommendation in all respects, and no appeal from the District Court's Judgment was filed.

A detailed recitation of the ALJ's errors would be duplicative of our prior Report, but we briefly highlight the basis for our previous recommendation of a remand. Specifically, we found that the ALJ improperly discounted a unanimity of medical opinion, from the Plaintiff's treating sources, and adopted a non-treating testifying Medical Expert's opinion, as to the level of the Plaintiff's pain, and functional limitation. We noted that all of the Plaintiff's treating physicians, who have had a long-standing relationship with the Plaintiff, concluded that the Plaintiff was functionally limited to the point of disability. They did not do so abstractly, and they documented their reasons in their respective clinical notations. We also noted that the treating physicians placed limitations on the Plaintiff's functional capacity, albeit, without the specificity of an RFC. Under those circumstances, we concluded that the Commissioner had an obligation, at a minimum, to contact the treating medical sources for additional evidence, or clarification, of the Plaintiff's functional limitations, and that a remand was warranted in order to avoid an unfair or prejudicial result. See, <u>Snead v. Barnhart</u>, 360 F.3d 834 (8th Cir. 2004), citing <u>Shannon v. Chater</u>, 54 F.3d 484, 488

(8th Cir. 1995), for the proposition that "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial."[2]

The Government argues, however, that its position was substantially justified because the Commissioner reasonably relied upon the ALJ's assessment of the medical expert's testimony, while the Court rationally selected the Plaintiff's other medical experts' assessments. See, Docket No. 44, at pp. 1, 6-7. However, we reject any such contention. The appropriate standard under Title 28 U.S.C. §2412(d)(1)(A) is whether the "position of the United States" was substantially justified, not whether the Plaintiff's claim of entitlement to benefits was justified to any extent, however marginal. See, Lauer v. Barnhart, 321 F.3d 762 (8th Cir. 2003)(discussing proper standard for determining eligibility for attorney's fees under the EAJA).

In light of the abundant errors which fatally undermined the ALJ's findings and conclusions, the Commissioner's position, in opposing a remand, cannot responsibly be considered substantially justified under the prevailing law. Her support of a

---

[2]As we found that a remand was warranted on the basis of the ALJ's treatment of the Plaintiff's treating medical sources, we declined to expressly address the Plaintiff's other contentions which he claimed necessitated a remand. However, we noted that we were also troubled with the conclusions drawn by the ALJ in regard to the Plaintiff's credibility, particularly the ALJ's conclusion that the Plaintiff failed to comply with medical advice.

determination by an ALJ, who had failed to properly address the opinions of the Plaintiff's treating medical sources, cannot be said to be substantially justified. See, e.g., Weakley v. Bowen, 803 F.2d 575, 578-79 (10th Cir. 1986)(finding that the Secretary's reliance on a solitary physician's testimony not substantially justified when the testimony conflicted with multiple other medical opinions); Gowen v. Bowen, 855 F.2d 613, 616 (8th Cir. 1988)(awarding fees under EAJA because the ALJ disregarded the "overwhelming evidence in the record," which included the opinions of the plaintiff's treating medical sources); Fraction v. Bowen, 859 F.2d 574, 575 (8th Cir. 1988)(granting EAJA application when remand had been based on "the government's failure, contrary to clearly established Circuit precedent, to evaluate all the evidence concerning the claimant's subjective complaints of non-exertional impairments and to fully develop the record"); Trundle v. Bowen, 830 F.2d 807, 810 (8th Cir. 1987)(finding that the Commissioner's position was not substantially justified when the ALJ failed to follow the directives that were outlined in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)). In failing to accord sufficient weight to the opinions of the Plaintiff's treating medical sources, the ALJ ignored significant evidence in the Record which supported those contentions. Accordingly, we find that the Commissioner has not met her burden of establishing that her position was

"substantially justified," and we recommend that the Plaintiff's Motion for Attorney Fees be granted.

      2.    <u>Reasonable Attorney's Fees</u>.[3]  Under the EAJA, an award of attorney's fees should be reasonable, and should be based upon the prevailing market rate for the kind and quality of the services furnished, with the proviso that a fee should not exceed $125.00 per hour, unless the Court determines that an increase in the cost-of-living, or some other special factor, justifies a higher fee.  <u>Title 28 U.S.C. § 2412(d)(2)(A)</u>.

Enhancement of the statutory cap is left to the discretion of the District Court. Of course, the District Court may, upon proper proof, increase the $125.00 per hour rate for attorney's fees, in order to reflect the increase in the cost-of-living since EAJA set that rate in March of 1996.  See, <u>Title 28 U.S.C. §2412(d)(2)(A)(ii)</u>; <u>Lowe v. Apfel</u>, 65 F. Supp.2d. 989, 990 (N.D. Iowa 1999), citing <u>Stockton v. Shalala</u>, 36 F.3d 49, 50

---

[3]The Government contends that the Plaintiff failed to present an itemization of time devoted to each activity, as required by the EAJA, for which the Plaintiff seeks compensation.  See, <u>Defendant's Response to Plaintiff's Petition for Attorney Fees</u>, <u>Docket No. 44</u>, at p. 12.  However, as noted by the Plaintiff, an itemization of time spent on the services rendered by the Plaintiff's counsel was included in the Plaintiff's filings, and therefore, the Government's contention is without merit.  See, <u>Affidavit of Wayne G. Nelson</u>, <u>Docket No. 40</u>.

(8th Cir. 1994)(holding under previous statutory rate). The Court may also increase the rate if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, would justify the higher fee. Title 28 U.S.C. §2412(d) (2)(A)(ii).

The EAJA does not contemplate that the $125.00 per hour rate should become the minimum, ordinary, or standard rate, upon which EAJA awards are calculated but, rather, that the sum should serve as the presumed reasonable maximum hourly rate, irrespective of the prevailing rates in the local or national markets for attorneys who demonstrate an acceptable degree of professional skill, expertise and diligence. Counsel for the Plaintiff has represented that applying the current local Consumer Price Index to the $125.00 hourly rate, yields an hourly rate of $155.00. Affidavit of Wayne G. Nelson, Ex. B. In the absence of any objection from the Government as to the hourly rate, and upon our independent consideration, we find that the rate of $155.00 per hour is justified by the increased cost of living. We note, as well, that, in the absence of any objection from the Government, and upon our independent review, we find that the number of hours, which are claimed by the Plaintiff's attorney in prosecuting the Plaintiff's claim, was reasonable. Thus, we find the appropriate fee

to be $5,874.50, which is the sum of $155.00 per hour times the 37.9 hours expended by Counsel for the Plaintiff.[4]

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Motion for an Award of EAJA Fees [Docket No. 39] be granted.

---

[4]Under the EAJA, any award of attorney fees and expenses are to be awarded to the prevailing party and not that party's attorney. See, Title 28 U.S.C. §2412(d)(1)(A); United States v. McPeck, 910 F.2d 509, 513 (8th Cir. 1990). As we have before us no evidence of a valid assignment of an award under the EAJA, we will direct payment to the Plaintiff, and not to her counsel.

Since the Plaintiff has not had a final adjudication as to her claim for benefits, we cannot now require an offset of any awarded EAJA fees, from those owing on account of a back pay award. If such an offset is due, we are confident that counsel for the Plaintiff, who has substantial experience in such matters, can assure that the Congressional intendment, that EAJA fees should minimize the litigation costs of the claimant, will be honored. See, Ross v. Douglas County, Nebraska, 244 F.3d 620, 622 (8th Cir. 2001), citing Talbott v. Bowen, 832 F.2d 111 (8th Cir. 1987).

2.      That pursuant to the Equal Access to Justice Act, that a total of $5,874.50 in costs and attorney's fees, be awarded to the Plaintiff.

Dated: May 18, 2006                         *s/Raymond L. Erickson*

                                               Raymond L. Erickson
                                               CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 5, 2006** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 5, 2006,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.